UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PIERRE CARDELL BROWN,

      Plaintiff,

v.             Case No. 21-cv-21-pp

PAUL HEIN,
and MICHAEL STEVENS,

      Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 37) AND DISMISSING CASE**

  Plaintiff Pierre Cardell Brown, who is confined at the Minnesota Correctional Facility in Bayport, Minnesota and representing himself, filed this case alleging violations of his constitutional rights. Dkt. No. 1. The court allowed the plaintiff to proceed on a constitutional claim against defendants Paul Hein and Michael Stevens based on allegations that they disregarded the plaintiff's complaints that the cell in which he had been placed the at the Milwaukee County Jail was caked with blood and smelled like urine. Dkt. No. 7. On October 4, 2021, the defendants filed a motion for summary judgment and supporting brief, arguing that the plaintiff could not show that they violated his constitutional rights. Dkt. Nos. 37, 38.

  On October 5, 2021, the court ordered the plaintiff to file his response to the defendants' motion in time for the court to receive it by November 3, 2021. Dkt. No. 46. The court advised the plaintiff that if he failed to file his response by the deadline, the court had the authority to treat the defendants' motion as unopposed, accept all facts asserted by the defendants as undisputed and

1

decide the motion based only on the arguments in the defendants' brief, without any input from the plaintiff. Id. at 2. The November 3, 2021 deadline passed, and the court did not receive a response to the defendants' motion; the court has received nothing from the plaintiff since September of this year, when it received a brief in opposition to the defendants' motion to dismiss (Dkt. No. 38). The court will treat the defendants' summary judgment motion as unopposed, accept the defendants' facts as undisputed and decide the motion without a response from the plaintiff.

### A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

### B. Facts

The plaintiff arrived at the Milwaukee County Jail on August 1, 2020 and was assigned to Unit 5-B Cell #35. Dkt. No. 39 at ¶1. The biohazard team cleaned Cell #35 at "2150" that day, to address concerns voiced by the plaintiff about the cleanliness of the cell. Id. at ¶2. On August 9, 2020, the plaintiff filed a Request and Grievance which stated that he "been complaining about someone piss (urine) in the vent of [his] cell since [he] came in there" and requested that he be moved to another cell. Id. at ¶3. In response, Lieutenant

2

Hein provided the plaintiff with cleaning supplies but denied the plaintiff's request to move to a different cell. Dkt. No. 1 at 3; Dkt. No. 39 at ¶4. The biohazard team cleaned the plaintiff's cell again on August 11, 2020 to address his concerns. Id. at ¶ 4-5.

The plaintiff filed another Request and Grievance on August 14, 2020, in which he stated that he had "been in this room that still got blood and someone else's urine in the vents." Id. at ¶6. That same day, the biohazard team again cleaned the plaintiff's cell. Id. at ¶7. On August 15, 2020, the plaintiff was transferred from the jail to a Minnesota correctional facility. Id. at ¶8.

In the plaintiff's responses to Defendants' First Set of Requests for Admission, Written Interrogatories, and Requests for Production, he admitted that he never sought medical or psychological treatment for any alleged injuries from his time at the jail. Id. at ¶9. The plaintiff also admitted that neither Hein nor Lieutenant Stevens ignored his requests and concerns about the cell. Id. at ¶10. Other than the plaintiff, no inmate filed any written Request and Grievance regarding the alleged smell of urine in the cell or the alleged blood in the cell. Id. at ¶11.

The plaintiff was convicted of two counts of second-degree reckless homicide on December 16, 2015 and sentenced on March 4, 2016. Id. at 12. Wisconsin online court records show that he was sentenced to a term of seventeen years in state prison and ten years extended supervision for each count. See wcca.wicourts.gov (last visited Nov. 11, 2021).

**C.     Discussion**

When the court screened the complaint, it could not determine whether the plaintiff was a pretrial detainee or a convicted prisoner during the relevant

3

Case 2:21-cv-00021-PP   Filed 11/30/21   Page 3 of 7   Document 49

period. Dkt. No. 7 at 2. The court explained in the screening order that the plaintiff had stated claims for relief under both the Fourteenth Amendment (applicable to pretrial detainees) and the Eighth Amendment (applicable to convicted prisoners), and that the parties should explain which constitutional standard they believed applied to the plaintiff's claims as the case progressed. Id. In support of their motion for summary judgment, the defendants first clarify that the plaintiff was a convicted, sentenced prisoner during his confinement at the jail and that his constitutional claim falls under the Eighth Amendment. Dkt. No. 38 at 6. The court agrees, and it will apply the Eighth Amendment standard. See Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Lewis v. Downey, 581 F.3d 467, 474 (7th Cir. 2009).

The defendants contend that the plaintiff's conditions of confinement at the jail did not violate the Eighth Amendment and that they did not act with deliberate indifference to the cell conditions. Dkt. No. 38 at 7-13. To establish a constitutional violation with respect to prison living conditions, an inmate must be able to demonstrate that: (1) the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the claim's objective prong) and (2) the defendants acted with deliberate indifference with respect to the conditions (the claim's subjective prong). Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 832, 834 (1994)). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987)). Although "extreme deprivations are required," Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001), and "routine discomfort[s]" do not suffice, Hudson v. McMillian, 503 U.S. 1, 9 (1992), "[s]ome conditions . . . may

4

establish an Eighth Amendment violation in combination when each alone would not do so," and other conditions that may not be sufficiently serious for a short period of time, "can become an Eighth Amendment violation . . . if endured over a significant time." Gray, 826 F.3d at 1005 (citations omitted). "Deliberate indifference . . . means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." Townsend, 522 F.3d at 773. Establishing that an official acted negligently is not sufficient. "Instead, the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." Id.

      The plaintiff alleges that his cell smelled like urine and that there was blood caked on the cell walls. Together, these conditions could support an Eighth Amendment claim. See Thomas v. Blackard, 2 F.4th 716, 720 (7th Cir. 2021) (citing Vinning-El v. Long, 482 F.3d 923, 924 (7th Cir. 2007) (collecting cases that clearly establish that holding an inmate in cell smeared with feces and blood, and lacking running water or a mattress, creates an excessive risk to health and objectively amounts to the deprivation of humane conditions). As the defendants point out, however, the biohazard team cleaned the plaintiff's cell three times during his fifteen-day stay there *and* jail staff provided the plaintiff with cleaning supplies. Based on the biohazard team's three separate cleanings of the plaintiff's cell as well as the plaintiff's access to cleaning supplies to clean the cell on his own, the court cannot conclude that the conditions in his cell were objectively unreasonable. The record lacks evidence that the defendants acted with deliberate indifference by disregarding the plaintiff's complaints about his cell. See Thomas, 2 F.4th at 721 (officers acted

reasonably in response to plaintiff's concerns about his cell by providing him with tools to address his complaints).

A reasonable factfinder could not conclude that the defendants violated the plaintiff's constitutional rights. The court will grant the defendants' motion for summary judgment and dismiss this case.

### D. Conclusion

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 37.

The court **DISMISSES** this case. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of November, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**